WILLIAM M. SCHROEDER, as guardian, &c., of Alice Gertrude Schroeder, a minor, complainant,

*v.*

EUGENIA STOKY, defendant.

[Submitted July 21st, 1924. Decided July 30th, 1924.]

**Gifts Alleged Consideration for Services and Kindness—Question of Ownership and of Intent of Original Owner Who had Held Property in a Trust of Her Own Creation for Her Child— Gift Not Proven.**

On bill, &c.

*Mr. Frederic M. Woolley* and *Mr. William E. Sandmeyer,* for the complainant.

*Mr. Walter Taylor,* for the defendant.

FOSTER, V. C.

Complainant seeks to recover from defendant the proceeds, or the value of two Liberty loan notes, amounting to $500, which complainant claims his deceased wife, the mother of the minor, held as trustee for the child.

Defendant resists this claim, on the ground that Mrs. Schroeder, the mother, made a gift of the two notes to her to compensate her for her services and kindness, and also to reimburse her for expenses incurred and disbursements made on Mrs. Schroeder's account.

Complainant and his wife were married about fifteen years ago, and they had one child, the minor, who is now about seven years old.

Mrs. Schroeder bought the notes in question with her own funds in 1919, and she had them registered in the treasury department, as "Eva May Schroeder, trustee for Alice Gertrude Schroeder," and at the time of the purchase

she showed them to her husband and stated she was laying by something for her daughter's future. Thereafter, Mrs. Schroeder purchased other bonds and opened a savings bank account in favor of her daughter, under the like title of "Eva May Schroeder, trustee for Alice Gertrude Schroeder," and, except the two notes in question, all of these "trustee" accounts were kept intact and now form the estate of the minor, amounting to $3,000 or $4,000, which is in charge of complainant as her guardian.

In 1919 Mrs. Schroeder contracted tuberculosis, from which she died, on January 11th, 1923. During her illness, or the greater part of it, defendant, who was her sister, was quite devoted in her attentions: she made frequent calls upon her, bringing her articles of food and such few articles of clothing as she required. Defendant resided at Belmar, only a few miles from the sanatorium at Manasquan and the one at Allenwood, to which Mrs. Schroeder had gone for treatment. During this period there was a slight, but not serious, estrangement between Dr. and Mrs. Schroeder.

On January 1st, 1923, Dr. Schroeder told his wife that the notes in question had been called by the government for redemption, and advised her to send them on for payment in order to avoid the loss of interest. At this time Mrs. Schroeder was very ill, but on January 3d she endorsed the notes as required for their redemption and turned them over to defendant, who caused the amount due thereon to be collected through the Seacoast Trust Company, and had the proceeds credited to her personal account on January 12th, the day following Mrs. Schroeder's death. Mrs. Stoky now states that she did this because her sister had made a gift of the two notes to her to pay her for her services and kindness, and to reimburse her for her expenditures she had made in traveling to see her sister and for other purposes, and she estimates these items amounted to about $200 or $300.

Aside from her husband's testimony, defendant is without corroboration on any feature of her case. And it is significant that Mrs. Schroeder did not tell her husband nor any-

one else of this alleged gift, and that defendant never mentioned it to complainant when she met him at the sanatorium on January 6th, 1917, nor at the funeral, nor even later, when she turned over to him in his capacity of administrator and guardian all the effects and property of her sister's which was in her care, and he only learned that defendant had the proceeds of the notes, after discovering their loss, by investigation, and through the assistance of the officers of the trust company and of the treasury department.

The proof is neither sufficiently clear nor convincing to establish a gift of the notes, or of their proceeds, of their redemption to the defendant, and I will advise a decree for complainant.